# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **8:16CR70** |
| **vs.** | |
| **ROY WILLIAM VIEYRA,** | **MEMORANDUM AND ORDER** |
| **Defendant.** | |

This matter is before the Court on the Defendant's letter, filed as a Motion to Appoint Counsel, ECF No. 37. Defendant Roy William Vieyra contends he is suffering cruel and unusual punishment[1] in the custody of the Bureau of Prisons due to a lack of appropriate medical care, and he seeks appointment of counsel to represent him in an application for "Compassionate Release." In his letter, the Defendant refers to the First Step Act (Pub. L. No. 115-391, 132 Stat. 5194 (2018)).

A defendant seeking relief through the First Step Act based on a medical condition may initiate action himself. First, 18 U.S.C. § 3582 (c)(1)(a) now provides:

> [T]he [sentencing] court upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a)

---

[1] If the Defendant wishes to pursue an action under the Eighth Amendment of the United States Constitution, based on his allegations of cruel and unusual punishment, or if he is seeking injunctive relief against the administrators of the Bureau of Prisons facility in which he is incarcerated, jurisdiction over such claims rests in the courts within the federal district in which he is held. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction[.]

Second, 34 U.S.C. § 60541 (g) now provides in pertinent part:

> [T]he Attorney General may release some or all . . . eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an . . . eligible terminally ill offender.
> . . . .
> The term "eligible terminally ill offender" means an offender in the custody of the Bureau of Prisons who—
> . . . .
> (iii) has been determined by a medical doctor approved by the Bureau of Prisons to be—
> (I) in need of care at a nursing home, intermediate care facility, or assisted living facility[.]

Accordingly, the Defendant's Motion to Appoint Counsel will be denied.

IT IS ORDERED:

1. The Defendant's Motion to Appoint Counsel, ECF No. 37, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at

his last known address.

Dated this 30th day of April 2019.

BY THE COURT

s/Laurie Smith Camp
Senior United States District Judge